UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
M.S. *and* M.D. *on behalf of* B.D.S.,

                      Plaintiffs,

        -against-

NEW HYDE PARK-GARDEN CITY PARK
UNION FREE SCHOOL DISTRICT,

                    Defendant.
-------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
20-CV-3380 (JMA) (ARL)

FILED
CLERK
9:48 am, Mar 28, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

On July 28, 2020, the plaintiffs, M.S. and M.D., on behalf of their son B.D.S., (together, "Plaintiffs") commenced this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., the pertinent implementing regulations promulgated under the Code of Federal Regulations, § 300.342 et seq., Article 89 of the New York State Education Law, Section 504 of the Rehabilitation Act of 1973 and Part 200 et seq. of the Commissioner of Education's Regulations, against the defendant, New Hyde Park-Garden City Park Union Free School District ("Defendant").  Plaintiffs seek to set aside an April 3, 2020 decision of the New York State Education Department Office of State Review ("SRO"), which determined that Defendant had offered B.D.S. a Free Appropriate Public Education ("FAPE") for the 2019- 2020 school year and, therefore, denied the Plaintiffs' request to be reimbursed for the cost of B.D.S.'s tuition at The Gersh Academy for that year.  (ECF No. 1.)

On February 19, 2021, the parties filed the present cross motions for summary judgment. (ECF No. 8.)  On May 25, 2021, the Court referred the motions for summary judgment to Magistrate Judge Arlene R. Lindsay for a Report and Recommendation ("R&R").  (Electronic Order, 5/25/2021.)  Judge Lindsay issued an R&R dated February 3, 2022, which recommends Defendant's motion be granted and Plaintiffs' motion be denied.  (ECF No. 11.)

Plaintiffs filed timely objections to the R&R, to which Defendant filed a response in opposition. (ECF Nos. 12, 13.) After conducting a review of the full record (including the motion papers, R&R, and objections,) and applicable law, the Court adopts Judge Lindsay's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

For the objections, I have undertaken a de novo review of the record, the R&R, the objections, and the opposition. For the reasons stated below, the Court denies those objections and adopts the R&R.

Plaintiffs argue their summary judgment motion should be granted, and Defendant's summary judgment motion should be denied. Specifically, Plaintiffs argue that the R&R erred in finding that Defendant offered B.D.S. a FAPE because: (1) the Individualized Education Program ("IEP") did not include recommendations for 1:1 Applied Behavioral Analysis ("ABA") instruction or support or supervision by a Board Certified Behavior Analyst ("BCBA"), and the SRO improperly considered "retrospective testimony" regarding the Committee on Special Education's ("CSE") proposed ABA program; (2) the R&R disregarded Plaintiffs' argument that Defendant could not provide ABA instruction in the 6:1:3 intensive ABA program; (3) the R&R

erred because the recommended placement would not offer B.D.S. age appropriate peers and was missing a timely age variance; (4) Defendant predetermined B.D.S.'s placement; and (5) Defendant failed to conduct a new FBA or develop a new BIP prior to a May 2019 CSE meeting. These objections reiterate Plaintiffs' previous arguments in their summary judgment briefing and were already addressed by the R&R. Having considered the full record, the Court denies those objections for the reasons articulated in Judge Lindsay's R&R.

Plaintiffs also argue that the R&R erred because it did not specifically address their argument that certain of Defendant's witnesses at the impartial hearing gave false and contradictory testimony regarding the consultant BCBA's services. Plaintiffs already raised this argument in their summary judgment briefing. Although Judge Lindsay did not explicitly address this argument, it clear from the R&R's recommendation to uphold the SRO's decision that she did not find it availing. The Court agrees.

Finally, Plaintiffs argue that the R&R erred by not addressing the second and third prongs of the Carter/Burlington test. Judge Lindsay determined that Plaintiffs' argument failed on the first prong so, therefore, did not need to address the second and third prongs.

Based on the foregoing, the Court adopts Judge Lindsay's R&R in its entirety as the opinion of this Court. Accordingly, the Court grants Defendant's motion for summary judgment and denies Plaintiffs' motion for summary judgment. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: March 28, 2022
      Central Islip, New York

                                                /s/  (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE